UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DENNIS FOREMAN, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| vs. ) | CAUSE NO. 3:12-CV-50-RLM-CAN |
| ) | |
| DePUY ORTHOPAEDICS, INC.; DePUY ) | |
| INC, DePUY INTERNATIONAL LIMITED;) | |
| JOHNSON & JOHNSON, JOHNSON & ) | |
| JOHNSON SERVICES, INC.; and ) | |
| JOHNSON & JOHNSON ) | |
| INTERNATIONAL; ) | |
| ) | |
| Defendants ) | |

OPINION and ORDER

The defense has not yet raised a challenge to the court's jurisdiction over this matter, but the court has the obligation to inquire into its own subject matter jurisdiction. Thomas v. Guardsmark, LLC, 487 F.3d 531 (7th Cir. 2007). The plaintiffs' complaint does not allege the existence of jurisdiction. It alleges that "Plaintiff Dennis Formean is, and at all times relevant to the Complaint was, a resident of Chesapeake, Virginia." Residency is not citizenship, Held v. Held, 137 F.3d 998, 1000 (7th Cir. 1998), and jurisdiction depends on citizenship of each party at the time the case begins. Denlinger v. Brennan, 87 F.3d 214, 216 (7th Cir. 1996). The plaintiffs must show the citizenship of each party as of the date the complaint was filed. Dausch v. Rykse, 9 F.3d 1244, 1245 (7th Cir. 1993).

Although the case might be subject to dismissal on these grounds, <u>Thomas v. Guardsmark, LLC</u>, 487 F.3d at 534, the court instead affords the plaintiffs twenty days from the date of this order within which to file an amended complaint alleging the existence of diversity jurisdiction under 28 U.S.C. § 1332.

SO ORDERED.

ENTERED:   <u>January 27, 2012</u>

                                    <u>/s/ Robert L. Miller, Jr.</u>
                                    Judge
                                    United States District Court